DECIDED IN THE

# COURT OF CHANCERY

OF THE

STATE OF NEW-JERSEY,

AT JANUARY TERM, 1830.

---

## The PRESIDENT and DIRECTORS of the BANK OF NEW-BRUNSWICK v. AARON HASSERT and others.

Mere inadequacy of price is not sufficient to avoid a contract, or set aside a sale made by the sheriff, when no fraud or irregularity appears.

*Semble.* That leaving personal property purchased at sheriff's sale in the possession of the defendant, is not, of itself, sufficient to vitiate the sale.

THE bill in this case was filed by the complainants, execution creditors, against the defendant in execution, the sheriff, and the purchasers at a sheriff's sale, made under a prior execution; to set aside the sale on the ground of inadequacy of price, and alleged fraud and irregularity in the sale; by which the rights of the complainants, as subsequent execution creditors, were defeated. Disborough and Hutchings, the purchasers, answered the bill, denying the charges of fraud and irregularity complained of. Witnesses were examined. The facts of the case appear more fully in the opinion of the court. The case was argued by

*C. L. Hardenbergh,* for the complainants;

*G. Wood,* for the defendants.

THE CHANCELLOR. The object of this bill is to set aside a sheriff's sale, on the grounds of fraud and inadequacy of price, and to procure a re-sale of the property. It is charged in the bill, that in June, 1820, the complainants obtained a judgment against Aaron Hassert, for three hundred and ninety-eight dollars and twenty-seven cents, on which an execution issued, and was placed in the hands of Abraham Vanarsdale, esquire, sheriff of the county of Middlesex; who levied on various articles of personal property, and on one farm and sundry lots, containing two hundred acres of land, subject to incumbrances: that there were other unsatisfied judgments and executions against the same defendant, one of which was in favour of the executors of Jacques Voorhees, deceased, and was prior to the complainants': that considering the debt safe, the execution was not pressed, but proceedings under it were several times postponed at the special instance of Hassert, the defendant, he promising that the money should be shortly paid: that Hassert afterwards procured a sale to be made by the sheriff, without the knowledge of the complainants, and with the intent to defraud them: that the sheriff sold the real and personal property in November, 1823, without having advertised the same for that day, and without any regular adjournment from some previous day: that the sale was conducted by the sheriff, so as to defeat the claims of creditors, and meet the views of the defendant in execution. The household furniture was sold all together, for a nominal sum. The personal property, worth eight hundred to one thousand dollars, was sold for less than seventy dollars. That the real property was sold for a mere nominal price. That Disborough and Hutchings, two of the defendants, purchased a considerable part of the real as well as of the personal estate, with the express understanding that Hassert should have the property again on paying some trifling consideration. That the personal property was not removed, but remained after the sale, as before, in the possession of the defendant in execution; and that, in consequence of the fraudulent conduct on the part of the defendant, the sheriff and the purchasers, the whole amount of sales was absorbed in the payment of the first execution, in favour of the executors of

Jan. 1830.

B nk of New
Brunswick
v.
Hassert et al.

Jacques Voorhees, above mentioned : and the complainants are without remedy unless a re-sale can be effected.

Disborough and Hutchings, two of the defendants, have answered the bill ; and although their answer is not altogether full, they deny in express terms the charges of collusion, or that they purchased for the benefit of Hassert. They allege, that they were severally the creditors of Hassert, and had no means of saving themselves but by purchasing property at such prices as would yield them a profit. They farther allege, that the sale was regularly advertised according to law ; and deny that the sale was without the knowledge of the complainants : on the contrary, they insist that the complainants were notified of the sale, and that persons connected with the bank, and concerned in its affairs, attended the sale. They admit that the personal property purchased by them was not removed, and assign reasons for it, which, though not very satisfactory, are sufficient to repel any presumption of fraud arising from that circumstance alone. This answer was filed in 1825, since which time no single step has been taken on the part of the complainants. A number of depositions have been taken on the part of the defendants who have answered. From these depositions it appears that the sale was an open and fair sale ; that notice was given to the complainants or their agents ; that during a part of the time Mr. Hardenbergh, the president of the bank, attended ; and two of the directors attended the sale of the real property, under the special appointment of the board ; that Disborough and Hutchings both stated at the sale, that they were bidding for themselves individually, and on some of the property they bid against each other. The vendue book was offered in evidence by the defendants, and an examination of it must satisfy every one, that much of the personal property was sold at very inadequate prices. But on what ground is the court to interfere in this case ? The mere inadequacy of price is not sufficient to avoid a contract or set aside a sale. The fraud and collusion charged in the bill, is denied in terms. The imputations against the sheriff, arising from the alleged want of notice, is removed, and the charge itself disproved. The whole ground of the complainants' equity is then removed. The complainants have been

unfortunate, it is true. They relied on the promises of the defen-
dant in execution, and he deceived them. They next relied up-
on receiving the money out of the proceeds of the sales, but by
permitting the property to be struck off at a sacrifice, although
standing by as execution creditors, and of course interested in
the amount of the sales, they were again deceived. Under these
circumstances, it is not now in the power of this court to render
them any assistance. I presume it is the intention of the par-
ties that the merits of the case shall be decided on the pleadings
and evidence submitted; and being clearly of opinion, as the
matter now stands, that the complainants have failed to establish
any claim for equitable relief, I shall order the bill to be dismissed,
with costs.